# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Asbestos Products Liability Litigation (No. VI) | Civil Action No. MDL 875 |
| Alice J McCormick, individually and as Special Administrator for the Estate of John F McCormick, deceased,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Anchor Packing Company,<br>AW Chesterton Company,<br>General Refractories Company,<br>John Crane Co.,<br>Owens-Illinois Inc.,<br>Rhone Poulenc Ag Company, and<br>CBS Incorporated,<br><br>　　　　　　　　　Defendants. | PA-ED Case No. 10-CV-65844<br><br>(*WI-ED Case No. 97-0250*) |

## SEVERED AND AMENDED COMPLAINT

Now comes the plaintiff, Plasterers Local 183 , (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of John F McCormick (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

### JURISDICTION

1. Plaintiff, Alice J McCormick is the surviving spouse of decedent, John F McCormick , is a citizen of Wisconsin and resides in Grafton, Wisconsin.

2. Decedent was an adult citizen and resident of Wisconsin.

3. Decedent passed away on 05/05/2000.

4. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as

"asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

8. Decedent during the course of his employment at various job sites at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by defendants.

9. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

10. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with asbestos disease.

12. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

14. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

15. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

16. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

17. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

18. As a direct and proximate result of the acts and omissions of the product defendants above, plaintiff was injured as described above.

## COUNT 2 – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

19. This cause of action is asserted against the manufacturing and supplying defendants.

20. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

21. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

22. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

23. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

24. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT 3 – DECLARATORY JUDGMENT

25. Defendants' conduct alleged herein occurred many years before certain changes in the

       Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

26. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

27. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## WRONGFUL DEATH

28. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 27 above.

29. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

## PRAYER FOR RELIEF

30. Plaintiff prays for relief as follows:

    a. Judgment against defendants, jointly and severally, for compensatory and general damages.

    b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

Dated: May 27, 2010

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

## Exhibit A
### Defendants' Home States and Principal Places of Business

| Defendant | State Hdq | State Princ Bus |
|---|---|---|
| Anchor Packing Company | Delaware | Texas |
| AW Chesterton Company | Massachusetts | Massachusetts |
| General Refractories Company | Pennsylvania | Pennsylvania |
| John Crane Co. | Delaware | Illinois |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rhone Poulenc Ag Company | New York | Pennsylvania |

## EXHIBIT B
### Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Marquette University | Milwaukee | WI | 1949 | 1996 |
| Oak Creek Power Station | Tomahawk | WI | 1949 | 1996 |
| YMCA of Milwaukee | Milwaukee | WI | 1949 | 1996 |

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2010, I delivered a hard copy of the foregoing and copy on CD by FedEx Standard Overnight to the Clerk of the United States District Court for the Eastern District of Pennsylvania, and I mailed by United States Postal Service, regular mail, copies to the following:

*Attorney for Owens-Illinois, Anchor Packing and AW Chesterton Co.*
Michael W. Drumke
Schiff Hardin & Waite
233 S Wacker Dr - Ste 6600
Chicago, IL 60606

*Attorney for Rhone Poulenc AG Co*
Trevor J Will
Foley & Lardner LLP
777 E Wisconsin Ave
Milwaukee, WI 53202

*Attorney for General Refractories and Owens Illinois*
David B Bartel
Mitchell S Moser
Quarles & Brady LLP
411 E Wisconsin Ave - Ste 2040
Milwaukee, WI 53202

*Attorney for John Crane*
Thomas F Meyer
Thoms F Meyer Law Office
33 N Waukegan Rd - Ste 105
Lake Bluff, IL 60044

                                                                    s/ Michael P. Cascino
                                                                      Attorney for Plaintiff

Michael P. Cascino
Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
(312) 944-0600
mcascino@cvlo.com